```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA

LINDA LAUBER,                    )
                                 )
              Plaintiff,         )
                                 )
v.                               )   Case No. CIV-15-243-RAW-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
              Defendant.         )
```

## REPORT AND RECOMMENDATION

Plaintiff Linda Lauber (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 29, 1969 and was 44 years old at the time of the ALJ's decision. Claimant received her GED. Claimant has worked in the past as a cashier, healthcare worker, and customer service representative. Claimant alleges an inability to work beginning October 22, 2011 due to limitations resulting from diabetes mellitus, affective mood disorder, neuropathy,

3

fibromyalgia, and heart problems.

## Procedural History

On December 7, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On December 18, 2013, an administrative hearing was conducted by Administrative Law Judge ("ALJ") Doug Gabbard, II in McAlester, Oklahoma. The ALJ entered an unfavorable decision on January 30, 2014. The Appeals Council denied review on June 5, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly consider the statement of Claimant's treating physician;

(2) failing to conduct a proper credibility determination; (3) reaching an erroneous RFC; and (4) failing to fully develop the record.

**Treating Physician's Opinion**

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes with neuropathy, coronary artery disease, and fibromyalgia. (Tr. 23). The ALJ concluded that Claimant retained the RFC to perform light work except that she must alternate sitting and standing every 15 to 20 minutes throughout the workday in order to change positions without leaving the workstation. (Tr. 26). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of small products assembler and arcade attendant, both of which the ALJ found to exist in sufficient numbers both regionally and nationally. (Tr. 28). As a result, the ALJ found Claimant was not disabled from December 7, 2011 through the date of the decision. (Tr. 29).

Claimant first contends the ALJ failed to properly weigh and consider the medical source statement produced by her treating physician, Dr. William Wood.[2] In the statement dated June 15, 2012, Dr. Wood diagnosed Claimant with diabetes mellitus II,

---

[2] Claimant's brief erroneously states that Dr. Woods' statement is at Tr. 246-47 of the record while in fact it is found at Tr. 436-37.

5

neuropathy in her legs and feet, fibromyalgia in the back and neck, anxiety and depression, and bilateral knee surgery.  He limited Claimant to sitting for 10 minutes, standing for 30 minutes, and walking for 15 minutes at one time while restricting her to two hours of sitting, three hours of standing, and two hours of walking during and eight hour workday.  Dr. Wood also found Claimant could not engage in repetitive reaching or handling/grasping of the right hand or pushing and pulling and fine manipulation of either hand.  Claimant could not use her feet for repetitive movements such as operating foot controls in a competitive environment.  Claimant could occasionally bend but never squat, crawl, climb, stoop, crouch, or kneel.  (Tr. 436).

Dr. Wood also determined Claimant would be required to elevate her feet periodically during the day, need a sit/stand/walk option at will, but did not need a cane or other assistive device.  He found Claimant suffered from headaches brought about by her anxiety/tension, cervical disc disease, and lack of sleep.  Dr. Wood concludes that "[p]atient has multiple problems leading to inability to perform gainful employment."  (Tr. 437).

The ALJ gave Dr. Wood's opinion "little weight", finding "little support for these conclusions in Dr. Wood's treatment notes."  He found that Dr. Woods' opinion conflicted with that of

Dr. Ravinder Kurella, a consultative examining physician, who found no problems with Claimant's hands. The ALJ also determined Claimant's testimony did not support such restrictions and that Dr. Wood did not account for all eight hours of a normal workday. (Tr. 27).

A review of Dr. Wood's treatment records reveal limited evidence of hand restrictions. On November 14, 2011, Claimant reported heart problems. Dr. Wood wrote that Claimant had filed for disability with fibromyalgia in the neck and feet, diabetes with neuropathy, cardiac complications, arthritis in her hands and possible neuropathy, trouble walking, and being tired. (Tr. 447). Dr. Wood found she was "well appearing and well nourished in no distress.On February 16, 2012, Claimant reported to Dr. Wood that her sugar had dropped too low. He indicated Claimant was "well appearing, well nourished in no distress." (Tr. 445). On June 15, 2012, Dr. Wood noted Claimant had trouble walking and was edgy and impatient. He also noted her complaints of being tired. Claimant was "well appearing, well nourished in no distress" with normal mood and affect. Her extremities were normal. (Tr. 441). The single reference to hand problems was the 2011 statement of arthritis and possible neuropathy. Since no additional treatment for this condition appears in the record, this Court must conclude

that Claimant's hands were not significantly restricted.

The ALJ's analysis of Dr. Wood's opinion cannot end with this finding. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion

and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

It is evident from the ALJ's opinion that he gave Dr. Wood's opinion no weight as he rejected the totality of his functional findings. He failed to discuss the remainder of the limitations found by Dr. Wood as a result of Claimant's acknowledged conditions. Dr. Wood consistently found problems with Claimant's walking throughout his treatment records. Yet, the ALJ failed to consider Dr. Wood's limitations on Claimant's ability to walk, stand, and sit by finding Claimant could perform light work. The

9

fact Dr. Kurella did not find such limitations did not permit the ALJ to reject Dr. Wood's findings as a treating physician when other evidence in the medical record supported his restrictions. On remand, the ALJ shall examine the totality of Dr. Wood's restrictions set forth in his medical source statement and provide a supportable basis for the weight that he gives Dr. Wood's opinions.

### Credibility Determination

Claimant also contends the ALJ improperly discounted her credibility as to the effects her medical conditions have upon her functional abilities. The ALJ essentially rejected Claimant's assertions of limitation as being inconsistent with Dr. Kurella's findings. The claims, however, are not inconsistent with Dr. Wood's opinions, which the ALJ must re-evaluate.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location,

duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

On remand, the ALJ shall reassess Claimant's credibility in light of Dr. Wood's opinion and the medical record as a whole.

**RFC Determination**

Claimant asserts an unspecific argument regarding the deficiencies in the ALJ's RFC findings filled with boilerplate citations.[3] Nevertheless, the ALJ will be required to reconsider his findings on RFC given the requirement to evaluate the treating physician's opinion.

**Duty to Develop the Record**

Claimant contends the "ALJ in this case failed to fully develop the record, and the Appeals Council in this case should have remanded the case for further development" because additional evidence was needed. Claimant fails to identify specific evidence missing from the record or which should have been obtained. This argument itself fails for lack of development.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED**

---

[3] In this regard, this Court must point out that Claimant repeatedly cites to legal authorities from the United States Court of Appeals for the Eighth Circuit as binding precedent. It is not. This Court's decisions are governed by the Tenth Circuit Court of Appeals. In the future, Claimant's counsel, based in Arkansas, shall modify their briefing to include relevant authority. The failure to do so may be reflected in the Court's determinations on counsel's fee requests.

for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 1st day of August, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE